IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL EUGENE MOUNTIQUE, | ) | |
| ID # 752365, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-0528-H (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated sexual assault in Cause No. F89-A4509-KR. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In 1990, petitioner pled guilty to aggravated sexual assault, and received ten years deferred adjudicated probation. *See Mountique v. State*, No. 05-03-01211-CR, 2004 WL 1368295, at *1 (Tex. App. – Dallas June 18, 2004) (setting forth relevant background information related to the denial of a motion for post-conviction forensic testing by petitioner). On May 31, 1996, the trial court revoked petitioner's probation, and sentenced him to thirty-five years confinement. *Id.*; (Pet. Writ of

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

Habeas Corpus (Pet.) at 2). Petitioner did not appeal his conviction or the revocation of his probation. (Pet. at 3.) On May 18, 2004,[2] petitioner filed a state application for writ of habeas corpus that the Texas Court of Criminal Appeals denied on December 14, 2005. (Id. ¶ 11.)

Petitioner filed the instant petition on March 14, 2006, when he placed it in the prison mail system. (Id. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that (1) the trial court failed to conduct a separate sentencing hearing after adjudicating him guilty; (2) he was sentenced in violation of his plea agreement that recommended a maximum sentence of ten years; (3) he involuntarily pled guilty because he was not admonished as to the consequences of his plea; (4) he is actually innocent as shown by a newly discovered recantation from the complainant; (5) he was punished for an offense for which not conviction could stand; (6) his attorney rendered ineffective assistance; and (7) he was denied his right to a hearing before a fair and impartial judge. He alleges that his attorney rendered ineffective assistance by (a) failing to call the complainant to testify at the proceedings to adjudicate guilt; (b) failing to completely and adequately inform him about his plea; and (c) being appointed only for purposes of the revocation proceedings.

In view of the preceding procedural history and the nature of petitioner's claims, the Court will consider the timeliness of the instant federal petition for writ of habeas corpus. However, because petitioner asserts that he has new evidence of his actual innocence that was unavailable until November 2003, the Court first considers petitioner's claim of actual innocence.

---

[2] Although petitioner indicates that he filed his state application on April 24, 2005, the Court has independently verified that he filed it with the trial court on May 18, 2004. The Court will thus use the correct date of filing.

## II.  ACTUAL INNOCENCE

Petitioner argues that a November 2003 recantation by the complainant shows that he is actually innocent of aggravated sexual assault.

With respect to whether a petitioner may obtain federal habeas relief on a claim of actual innocence, the Fifth Circuit Court of Appeals has recognized *Townsend v. Sain*, 372 U.S. 293 (1963) as the unequivocal position of the United States Supreme Court on the matter. *See Boyd v. Puckett*, 905 F.2d 895, 896 (5th Cir. 1990); *Armstead v. Maggio*, 720 F.2d 894, 896 (5th Cir. 1983) (per curiam). In *Townsend*, the Court held that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." 372 U.S. at 317, *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). In the Fifth Circuit, actual innocence is not an independent basis for federal habeas relief. *E.g., Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998); *Jacobs v. Scott*, 31 F.3d 1319, 1324 (5th Cir. 1994). "In addition, even if a truly persuasive claim of actual innocence could be a basis for relief, the Supreme Court made clear that federal habeas relief would only be available if there was no state procedure for making such a claim." *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (citing *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). As noted by the Fifth Circuit, "Texas habeas law recognizes claims of actual innocence." *Id.* For all of these reasons, petitioner cannot succeed on his actual innocence claim standing alone.

Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged

> to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not met this standard. Although the complainant may have recanted her statement that the petitioner sexually assaulted her, "recanting affidavits and witnesses are viewed with extreme suspicion by the courts", *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996); *accord United States v. Adi*, 759 F.2d 404, 408 (5th Cir. 1985). When faced with conflicting testimony from the same witness, the jury is free to make a credibility determination as to which testimony to believe. The recantation standing alone does not make it more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. A reasonable juror could certainly have believed the initial statement of the complainant and found petitioner guilty.

Because a claim of actual innocence is not cognizable on federal habeas corpus, and petitioner has not shown himself to be actually innocent in any event, this claim entitles him to no federal habeas relief. The Court thus proceeds to determine whether petitioner timely filed his other claims.

### III. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

## A. Finality of Judgment

In this instance, petitioner asserts claims that relate to his guilty plea and initial placement on deferred adjudication probation in 1990, as well as claims that relate to the revocation of his probation and imposition of sentence on May 31, 1996. The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005), *cert. denied*, ___ S. Ct. ___, 2006 WL

2861670 (2006) and ___ S. Ct. ___, 2006 WL 3053497 (2006). The Court thus considers the instant action to be a challenge to two separate State "judgments" – (1) the 1990 order of deferred adjudication probation and (2) the May 31, 1996 revocation of that probation and judgment of conviction.

In this case, petitioner filed no appeal from his placement on deferred adjudication probation or the resulting judgment of conviction when the trial court revoked his probation. Consequently, for purposes of § 2244(d)(1)(A), his judgment of conviction became final thirty days after the trial court adjudicated him guilty and sentenced him and he failed to appeal. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal). Likewise, petitioner's ability to appeal the 1990 order that placed him on deferred adjudication probation expired thirty days thereafter. *See* TEX. R. APP. P. 26.2(a)(1) (stating that "[t]he notice of appeal must be filed . . . within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). Accordingly, petitioner's state "judgment" of deferred adjudication probation became final well before his state judgment of conviction which became final on June 30, 1996.[3] Although the Court recognizes that some claims relate to a state judgment which became final well

---

[3] When a state judgment becomes final before the enactment of the AEDPA, the petitioner has "one year following the effective date of the Act, April 24, 1996, in which to file a federal petition for a writ of habeas corpus." *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to the date AEDPA was signed into law, April 24, 1996. Petitioner is entitled to the one-year grace period related to his challenge to the initial imposition of deferred adjudication probation. However, in the absence of tolling, the grace period ended on April 24, 1997.

before the judgment of conviction, the Court will utilize June 30, 1996, as the date of finality for all claims because use of an earlier date makes no difference to the ultimate conclusion of the Court.[4]

## B. Factual Predicate

With regard to subparagraph (D), the Court determines that, with the potential exception for the claim of actual innocence already addressed, the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on June 30, 1996. When the trial court placed him on deferred adjudication probation in 1990, petitioner would have known the factual basis for his claims related to his guilty plea and placement on probation. With respect to his claims related to the revocation proceedings, petitioner would have known or should have known with the exercise of due diligence the factual basis for such claims prior to his judgment of conviction becoming final on June 30, 1996.

Because petitioner filed his federal petition more than one year after his relevant judgments became final, a literal application of § 2244(d)(1) renders petitioner's March 14, 2006 filing untimely with the possible exception of his claim of actual innocence based upon alleged newly discovered evidence.

## IV. TOLLING

AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."

---

[4] Such utilization removes any need to further consider the grace period noted in the preceding footnote.

28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a properly filed state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on May 18, 2004, the statutory limitations period had already expired because his conviction became final in 1996. Thus, the statutory tolling provision does not save the March 14, 2006 federal petition.

Further, petitioner provides nothing which indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Although petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000). As already discussed, furthermore, petitioner has not shown himself to be actually innocent. In the absence of equitable tolling, the March 2006 filing falls outside the statutory period and should be deemed untimely except for the claim of actual innocence based upon alleged newly discovered evidence.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

Petitioner raises claims that are either not cognizable under § 2254 or untimely under the applicable statute of limitations.

**SIGNED this 14th day of November, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE